IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Mott,<br><br>        Petitioner,<br><br>        v.<br><br>Dora Schriro, et al.,<br><br>        Respondents. | CV 05-4028 PHX SMM (VAM)<br><br>REPORT AND RECOMMENDATION |

TO THE HONORABLE STEPHEN M. MCNAMEE, U.S. DISTRICT JUDGE.

Michael D. Mott ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises four grounds for relief in the petition. (Doc. 3 at pp. 5-8). Respondent filed an answer opposing the granting of habeas relief. (Doc. 11).

**I. BACKGROUND**

Petitioner was convicted of aggravated assault and unlawful flight in Maricopa County Superior Court on April 5, 1985 in CR 140750. (Doc. 11 at Exhibit D; see also Exhibits B and C). Petitioner waived his right to counsel in this case and represented himself at trial with the assistance of advisory counsel. (Id., Exhibit B). For these convictions, petitioner was sentenced to a total of 13.5 years in prison. (Id. at Exhibit D).

Petitioner appealed his convictions to the Arizona Court of Appeals. Counsel raised the following issue on appeal:

>    Did the trial court deny [petitioner's] right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution when it allowed him to represent himself?

State v. Mott, 162 Ariz. 452, 454, 784 P.2d 278, 280 (Ariz.Ct.App. 1989).

Pursuant to petitioner's motion, the state Court of Appeals permitted him to represent himself, however, petitioner did not file a supplemental brief. Mott, 162 Ariz. at 454, 784 P.2d at 280. Subsequently, the Court of Appeals ordered that his appeal in this case, CR 140750 be consolidated with his appeal in CR 140943 because "they raised common issues of law and fact," and, pursuant to a new request from petitioner for appointment of counsel, re-appointed his former counsel. Id., 162 Ariz. at 455, 784 P.2d at 281. The court also directed that the state file an answering brief addressing the following issues:

>    **(1)** Those issues raised in the opening brief, i.e., whether trial counsel denied [petitioner's] right to counsel by allowing him to represent himself at both trials;
>    **(2)** Whether the trial court erroneously relied on two Rule 11 psychiatric reports from a prior cause in vacating his order denying [petitioner's] motion for self-representation, and the effect on appeal of absence of those psychiatric reports from the record;
>    **(3)** Whether the trial court erred by allowing [petitioner] to continue to represent himself at trial after numerous outbursts in the presence of the jury that may have prejudiced [petitioner's] ability to receive a fair trial from an impartial jury.

Mott, 162 Ariz. at 455, 784 P.2d at 281.

On November 7, 1989, the Arizona Court of Appeals affirmed petitioner's convictions and sentences in both cases, concluding "[petitioner] knowingly, intelligently, and voluntarily waived his right to counsel." Mott, 162 Ariz. at 461, 784 P.2d at 287.

1    Petitioner did not seek review of the Arizona Court of Appeals
2    affirmance of his convictions and sentences in the Arizona Supreme
3    Court.  (See Doc. 3 at p. 2).
4         On March 22, 2004, petitioner filed a petition for post-
5    conviction relief pursuant Ariz.R.Crim.P. 32.1.  (Doc. 3 at p. 2
6    and Exhibit G).  Neither a copy of the Notice or the petition
7    itself are included in the record.  Respondents indicate they have
8    not included these documents because the Maricopa County Superior
9    Court "misplaced" them.  (See Doc. 11 at p. 3 (Note 3)).
10   Nevertheless, the trial court, in denying Rule 32 relief, noted
11   petitioner filed previous Rule 32 petitions in 1986 and 1994 and
12   characterized the issues raised by petitioner in his petition as:
13   (1) ineffective assistance of counsel, (2) prosecutorial
14   misconduct, and (3) trial court error in denying his request for
15   change of counsel.  (Doc. 11 at Exhibit G).  The Court dismissed
16   the petition pursuant to Ariz.R.Crim.P. 32.2(a) "because these
17   claims either were or should have been raised in the direct appeal
18   or the prior Rule 32 proceedings."  (Id.).  On May 6, 2004, the
19   trial court denied a motion for reconsideration.  (Id. at Exhibit
20   H).
21        On June 10, 2004, petitioner filed a petition for review in
22   the Arizona Court of Appeals.  In the petition, petitioner
23   presented the following issues:

>    **1)** The denial of the Notices and Petitions were based on false information.
>
>    **2)** The Notices and Petitions were denied by only one (1) judge; yet the motion for reconsideration was denied by a different judge - why?

> **3)** The judge who denied the Notices and Petitions has shown bias and prejudice towards Petitioner throughout the proceedings.
>
> **4)** The Motion for Court Records should have been granted.

(Doc. 11, Exhibit I at pp. 2-3).

The Arizona Court of Appeals denied the petition for review without comment on June 17, 2005. (Doc. 11 at Exhibit J). Petitioner did not seek review in the Arizona Supreme Court. (Doc. 3 at p. 2).

On January 9, 2006, petitioner filed a federal habeas corpus petition raising the following grounds:

> **GROUND I:** 6th Amendment
>
> The denial of the Motion to Change appointed trial attorney violated petitioner's 6th Amendment right to competent representation by an attorney ...
>
> **GROUND II:** 6th Amendment
>
> A fair trial is one guarantee of the 6th Amendment. When the State uses perjured testimony to obtain conviction the defendant does not receive a fair trial. A denial of fair trial must call for a new trial without the perjured testimony and to vacate the conviction and sentence ....
>
> **GROUND III:** 6th Amendment
>
> Abuse of discretion by a Judge causes problems at trial. At first, the trial judge denied defendant's motion to represent himself. It was only after the prosecutor told the judge it was permissible, that the judge allowed it. The judge even made reference to his competence ....
> Since the trial judge admitted he didn't know the law as well as an attorney, there is reason to believe that errors were made by the judge at all phases of the case ....
>
> **GROUND IV:** 6th Amendment
>
> Prosecutorial misconduct prejudiced the defendant. Allowing the knowin [sic] use of perjured testimony is

4

```
           just an example.  The prosecutor altered subpoenas from
           the defendant.  That kept alabi [sic] witness from
           proving the innocence of the defendant.
           When a prosecutor commits misconduct, the fair trial
           guarantee of the 6th Amendment is violated ....
```

(Doc. 3 at pp. 5-8).

## II. DISCUSSION

Respondents contend that all claims raised in the habeas petition are barred by the one year statute of limitations provided in 28 U.S.C. § 2244(d)(1). (Doc. 11 at p. 4). Alternatively, respondents assert that petitioner's claims were not properly exhausted in state court and are now procedurally defaulted. (Id. at pp. 4-8).

### A. Statute of Limitations

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

```
                right has been newly recognized by the Supreme Court
                and made retroactively applicable to cases on
                collateral review; or

                (D) the date on which the factual predicate of the
                claim or claims presented could have been discovered
                through the exercise of due diligence.
```

In <u>Calderon v. United States District Court for the Northern District of California</u> ("<u>Beeler</u>")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1). The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief." <u>Beeler</u>, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d) "dramatically changed this landscape" and a petitioner was now "required to file his habeas petition within one year of the date his process of direct review came to an end." <u>Id.</u> The Court, following other circuits, also held that the period of limitations "did not begin to run against any state prisoner prior to the statute's date of enactment" of April 24, 1996. <u>Beeler</u>, 128 F.3d at 1287. Thus, all federal habeas corpus claims concerning state court judgments finalized prior to April 24, 1996, had to be filed by April 23, 1997,[1] or they were barred by the statute of limitations absent a showing the circumstances surrounding the

---

[1] The Ninth Circuit has held that, pursuant to the counting provisions outlined in Fed.R.Civ.P. 6, the one-year limitations period for all habeas petitioner's challenging convictions or sentences finalized prior to the April 24, 1996 effective date of the AEDPA is April 24, 1997. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

The <u>Beeler</u> Court also held § 2244(d) established a customary statute of limitations period "subject to equitable tolling." <u>Id.</u> at 1288-89. The statute itself provided for tolling the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." <u>Beeler</u>, 128 F.3d at 1288-89 (citing <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (3rd Cir. 1997)).

**B. Application of Law to Facts of the Case**

The Arizona Court of Appeals entered its decision affirming petitioner's convictions and sentences on November 7, 1989. <u>See</u> <u>Mott</u>, 162 Ariz. 452, 784 P.2d 278. Petitioner had 30 days from the decision of the Arizona Court of Appeals, or until December 7, 1989, to file a petition for review with the Arizona Supreme Court. <u>See</u> Ariz.R.Crim.P. 31.19(a). Petitioner states he did not seek such review. (Doc. 3 at p. 2). Because his petition was finalized prior to the AEDPA's effective date of April 24, 1996, petitioner was required to file a federal habeas petition challenging the convictions and sentences at issue in this case no later than April 24, 1997. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

7

         The record reveals petitioner had nothing pending between November 7, 1989, and the filing of his Rule 32 petition on March 22, 2004, a period of nearly 14 years and for nearly 7 years after the statute of limitations began to run.  (See Doc. 3 at p. 2). As a result, petitioner's habeas claims are untimely.  Although petitioner did file a Rule 32 petition in 2004, and although such state post-conviction proceedings may toll the limitations period, see 28 U.S.C. § 2244(d)(2), such a proceeding cannot save already time-barred claims.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("we hold that section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed.").

         Petitioner has presented no basis for equitable tolling of the limitations period and none is apparent from the record.  As a result, the petition is barred by the statute of limitations. Because petitioner's claims are clearly time-barred, the Court need not consider respondents' alternative argument that the claims are procedurally defaulted.

         **IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied on the basis that all claims raised therein are barred by the statute of limitations.

         This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment.  The parties shall have ten (10) days from the date of service of this Report and

8

1  Recommendation within which to file specific written objections
2  with the Court.  Thereafter, the parties have ten (10) days within
3  which to file a response to the objections.  Failure timely to
4  file objections to any factual determinations of the Magistrate
5  Judge will be considered a waiver of a party's right to de novo
6  consideration of the factual issues and will constitute a waiver
7  of a party's right to appellate review of the findings of fact in
8  an order or judgment entered pursuant to the Magistrate Judge's
9  Report and Recommendation.
10       DATED this 26th day of June, 2006.

         *Virginia A. Mathis*
         Virginia A. Mathis
         United States Magistrate Judge