**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dennis Mott, | No. CIV 05-4028-PHX-SMM |
| Petitioner, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). The matter was referred to Magistrate Judge Virginia A. Mathis for a Report and Recommendation. On June 26, 2006, the Magistrate Judge filed a Report and Recommendation with this Court. (Dkt. 12.) On August 23, 2006, Petitioner filed his objections to the Report and Recommendation. (Dkt. 19.)

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**DISCUSSION**

The procedural history of this case is set forth in Respondents' Answer to the Petition (dkt. 11) and the Magistrate Judge's Report and Recommendation (dkt. 12). Petitioner was convicted of aggravated assault and unlawful flight in Maricopa County Superior Court on April 5, 1985, in CR-140750, and received a 13.5 year sentence. (Dkt. 11, Exhs. C-D.) On November 7, 1989, Petitioner's convictions and sentences were affirmed. See State v. Mott, 784 P.2d 278, 287 (Ariz. Ct. App. 1989).

More than thirteen years later, Petitioner filed a state court petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1, which was dismissed on the grounds that each of the claims raised "either were or should have been raised in the direct appeal." (Dkt. 11, Exh. G.) On May 6, 2004, the trial court denied a motion for reconsideration. (Id., Exh. H.) On June 17, 2005, the Arizona Court of Appeals denied Petitioner's petition for review without comment. (Dkt. 11, Exhs. I-J.)

On January 9, 2006, Petitioner filed the instant federal habeas petition based on four claims. (Dkt. 3.) Respondents filed an Answer, asserting that all claims raised are barred by the one year statute of limitations provided in 28 U.S.C. § 2244(d)(1). (Dkt. 11 at 4.) Alternatively, Respondents argue that Petitioner's claims were not exhausted in state court, and thus are procedurally defaulted. (Id. at 4-8.)

After reviewing the filings in this matter, the Magistrate Judge recommended that the Petition be denied on the basis that the writ is barred by the statute of limitations governing the filing of petitions under 28 U.S.C. § 2254, and there is no basis for tolling the period of limitations. (Dkt. 12 at 7-8.)

Following the issuance of the Magistrate Judge's Report and Recommendation, Petitioner filed a Motion for Extension of Time to Respond to Respondents' Answer. (Dkt. 13.) The Magistrate Judge denied this request on the grounds that Petitioner could respond to the Answer by filing objections to the Report and Recommendation. (Dkt. 14.) Petitioner then filed a Response to the Report and Recommendation (dkt. 15), a Motion for Reconsideration of the Report and Recommendation (dkt. 16), a Motion for Extension of

- 2 -

1  Time to Respond to the Report and Recommendation (dkt. 17), which this Court granted
2  (dkt. 18), an Objection to the Report and Recommendation (dkt. 19), an Affidavit in support
3  of the Motion for Reconsideration (dkt. 20), and a Motion to Allow John Baker to Respond
4  and for all Superior Court Records Sept. 4, 1986 and Aug. 21, 1994 (dkt. 21).

5        Having reviewed each of Petitioner's filings and, thereafter, having reviewed the
6  Magistrate Judge's Report and Recommendation and the record de novo, the Court finds that:
7  Petitioner's claims for relief are barred by the statute of limitations and none of his filings
8  since the issuance of the Report and Recommendation are meritorious.

9        The cover page of Petitioner's "Response to Report and Recommendations," filed July
10 7, 2006, lists three different district court case numbers, and does not even address the
11 Magistrate Judge's Report and Recommendation in the instant case. See Dkt. 15. Instead,
12 this filing appears to relate to another of Petitioner's federal cases, Mott v. Schriro, et al.,
13 CV-05-2490-PHX-SMM (VAM).

14       Petitioner's "Motion for Reconsideration" of the Report and Recommendation, filed
15 July 13, 2006, merely recites propositions of general habeas law, including that a pro se
16 litigant's pleadings should be construed liberally and a showing of cause and prejudice may
17 "overcome both exhaustion and procedural default." (Dkt. 16 at 2-3A.) Likewise,
18 Petitioner's Affidavit in support of his Motion for Reconsideration states only that he is not
19 trained in law and is innocent. (Dkt. 20.) None of these principles demonstrate that the
20 Report and Recommendation should not be adopted. Both this Court and the Magistrate
21 Judge have liberally construed Petitioner's Petition and pleadings, and the Magistrate's
22 Report and Recommendation does not address exhaustion, procedural default, "cause and
23 prejudice," or actual innocence. See Dkt. 12. Moreover, Petitioner's pro se litigant status
24 is not a basis for equitable tolling of the one-year statute of limitations. See infra at 5.
25

26       Petitioner's Objections to the Report and Recommendation, filed August 23, 2006,
27 do not dispute the Magistrate Judge's determination that the Petition is barred by the statute
28 of limitations governing the filing of petitions under 28 U.S.C. § 2254. Rather, most of

Petitioner's "objections" address general provisions of habeas and criminal law that are plainly not applicable here, including procedural default, exhaustion, successive petitions, reasonable doubt, prosecutorial misconduct and vindictiveness, harmless error, equal protection, suppression of evidence, and double jeopardy. See Dkt. 19 at 3-11.

With respect to the statute of limitations, Petitioner argues that "applying the dates of Sept. 4, 1986 and August 21, 1994 to case no. CR-140750 is deception and alleged fraud." (Dkt. 19 at 2.) The dates of September 4, 1986 and August 21, 1994 were *not applied* by the Magistrate Judge, but were merely recited in the procedural history of Petitioner's case.[1] See Dkt. 19 at 2. Similarly, the Court rejects Petitioner's assertion that he timely filed the instant case on January 9, 2006 (dkt. 19 at 2), because June 17, 2005 is the date the Arizona Court of Appeals denied his petition for review of a Rule 32 petition that was filed more than thirteen years after his convictions and sentences in CR-140750 were affirmed. Rather, because Petitioner's convictions in CR-140750 became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), the statute of limitations for the filing of his federal habeas application began to run on April 24, 1996, the date AEDPA went into effect, and expired (in the absence of tolling) on April 24, 1997. See Carey v. Saffold, 536 U.S. 214, 216-17 (2002); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Finally, the Court rejects Petitioner's assertion that the statute of limitations was "suspended" because he was under a "disability" of knowing "little about law" and was "never trained in law" (dkt. 19 at 4). As a general matter, equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. Calderon v. United States Dist. Ct. for the

---

[1] For this reason, and because Petitioner has no evidence to support his conclusory assertion that "ADOC is impeding [his legal assistant, John Baker,] from responding to the 3 writs of habeas corpus that he wrote," the Court will deny Petitioner's Motion for Court to Order ADOC to Allow John Baker to Respond and For All Superior Court Records Sept. 4, 1986 and August 21, 1994. (Dkt. 21.)

1 Central Dist. of Cal. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
2 grounds, Calderon v. United States Dist. Ct. for the Centr. Dist. of Cal. (Kelly), 163 F.3d
3 530, 540 (9th Cir. 1998) ("Equitable tolling will not be available in most cases, as extensions
4 of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control
5 make it impossible to file a petition on time."). The threshold necessary to trigger equitable
6 tolling under the AEDPA is very high, and the petitioner bears the burden of showing that
7 equitable tolling is appropriate. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

8 In the present case, Petitioner's assertion that he is untrained in the law does not
9 constitute an extraordinary circumstance which made timely filing impossible, especially in
10 light of his demonstrated ability to file numerous habeas petitions in both state and federal
11 courts raising the same claims he raises here. See Cobas v. Burgess, 306 F.3d 441, 444 (6th
12 Cir. 2002) (an inmate's lack of legal training, poor education, or even his illiteracy does not
13 give a federal court a reason to toll the AEDPA's limitations period). Thus, Petitioner has
14 failed to satisfy his burden of showing that equitable tolling is appropriate.

15 In sum, the Magistrate Judge correctly determined that Petitioner's claims for relief
16 are barred by the statute of limitations. Petitioner was required to file any federal habeas
17 claims not later than April 24, 1997, and he has not demonstrated any reason for tolling the
18 statute of limitations.

19 **CONCLUSION AND ORDER**

20 For the reasons set forth above,

21 **IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation
22 of the Magistrate Judge. (Dkt. 12.)

23 **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus
24 is **DENIED** and **DISMISSED WITH PREJUDICE**. (Dkt. 1.)

25 **IT IS FURTHER ORDERED** that the reference to the Magistrate Judge is
26 withdrawn as to Petitioner's Motion for Reconsideration on Court Order dated 6/28/06 and
27 Petitioner's Motion for Court to Order ADOC to Allow John Baker to Respond and For All
28 Superior Court Records Sept. 4, 1986 and August 21, 1994. (Dkts. 16, 21.)

**IT IS FURTHER ORDERED DENYING** Petitioner's Motion for Reconsideration on Court Order dated 6/28/06.  (Dkt. 16.)

**IT IS FURTHER ORDERED DENYING** Petitioner's Motion for Court to Order ADOC to Allow John Baker to Respond and For All Superior Court Records Sept. 4, 1986 and August 21, 1994.  (Dkt. 21.)

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent to Magistrate Judge Virginia A. Mathis.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case.

DATED this 25th day of September, 2006.

_____
Stephen M. McNamee
United States District Judge